No. 4256

Second Circuit

LESLY v. WYATT LUMBER CO.

(April 5, 1932. Opinion and Decree.)

Argued before DREW, McGREGOR and PALMER, JJ.

Boone & Boone, of Many, attorneys for plaintiff, appellant.

Ponder & Ponder, of Many, attorneys for defendant, appellee.

McGREGOR, J. This is a suit in which the plaintiff is seeking compensation for the alleged breaking of a bone in his left ankle on May 28, 1931, while in the employ of the defendant. In his petition he alleges permanent, total disability and prays for compensation for a period not exceeding 400 weeks.

In its answer the defendant admits that plaintiff suffered a slight injury to his leg and that it paid him compensation therefor during a period of four weeks. It alleges, however, that he fully recovered from this injury during the four weeks while compensation was being paid to him and that he was discharged as cured by his physician. Defendant specially alleges that the plaintiff is malingering for the purpose of receiving compensation instead of earning wages on the same job that he held before his accident in which he received a slight injury. The lower court rejected the demand of the plaintiff and dismissed his suit, and he has appealed.

Plaintiff's demand is based solely on his allegation that a bone in his left ankle was broken. All the testimony introduced on both sides, including an x-ray picture, is conclusive of the fact that there was never any semblance of a broken bone in or about plaintiff's ankle. Dr. Allen, a witness for the plaintiff and one of the physicians who treated him when he was first injured, testified that when he was treating him there was no injury whatever affecting the ankle; that the injury he treated was above the ankle. He based this opinion upon a careful x-ray examination in which he found no suggestion of any injury to the ankle. And yet, on the trial plaintiff appeared to be suffering from a

swollen ankle, about three inches lower than the spot that received the injury in the first instance. Dr. Allen is of the opinion that there is no connection between the original injury and the swollen condition that was manifest on the day of the trial. This kind of testimony from plaintiff's own medical expert is very persuasive.

Dr. Perkins, a witness for the defendant, treated the plaintiff in cooperation with Dr. Allen. It is his testimony that there were no broken bones and no injury to the ankle; that the injury he treated was a lick or bruise on the side of his leg about three inches above the ankle. He is positive that there were no broken bones in the ankle and is equally positive that there was no injury whatever to the ankle.

In view of the fact that both these physicians who treated the plaintiff at the time of the injury considered him well at the time of his discharge, and both testify that the condition of the ankle exhibited at the trial was in a different place from and had no connection with the original injury, and in view of the further fact that plaintiff is flatly contradicted in his allegation that there was a broken bone either in his leg or ankle, the trial judge evidently concluded that the swollen condition of the ankle was not caused by the accident in which plaintiff received the injury for which he was treated by the two physicians who testified on the trial of the case.

This case falls in the category of cases which hold that when the testimony is close or uncertain and there is no manifest error in the judgment of the lower court, the findings of fact by the trial judge will not be disturbed on appeal. For these reasons the judgment appealed from is affirmed, with all costs to be paid by the plaintiff, appellant.